NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARK GIRGIS<br><br>    Plaintiff,<br><br>v.<br><br>THE HARTFORD LIFE AND<br>ACCIDENT INSURANCE COMPANY,<br>et al.<br><br>    Defendants | **Hon. Dennis M. Cavanaugh**<br><br>**OPINION**<br><br>Civil Action 2:10-cv- 05279 (DMC)(JAD) |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before this Court upon motion by Hartford Life and Accident Insurance Company, Inc. et al ("Defendants") to transfer venue to the United States District Court for the Southern District of Texas pursuant to 28 § U.S.C.A. 1404(a), a motion opposed by Mark Girgis ("Plaintiff"). Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. For the reasons stated herein, Defendant's motion will be **granted.**

I.    **BACKGROUND**

Plaintiff was a full-time employee of Randall's Food Market, Inc. in Texas until August 15, 2003 when he ceased work due to medical conditions including but not limited to Fibromyalgia and Chronic Fatigue Syndrome. He has not returned to work since. . While employed, he was enrolled in an employee welfare benefits plan that provided long term disability benefits to employees of Randall's Food Markets, Inc. as a plan participant. The insurance policy was issued by Hartford Life and Accident Assurance Company. Randall's was

designated as the plan administrator, and Defendant was designated as the Insurer, Claims Fiduciary, and Claims administrator of the long term disability plan.

Plaintiff's long-term disability plan benefits were initially approved by Defendant, and Plaintiff was paid monthly benefits until September 30, 2009, at which time Defendant terminated benefits on the basis of their contention that Plaintiff was no longer disabled under the terms of the plan. Plaintiff submitted an administrative appeal documenting his alleged disability. On June 2, 2010, Defendant provided Plaintiff with a final determination upholding the termination of Plaintiff's long term disability benefits. Plaintiff contends that he is, in fact, totally disabled, and that Defendant's denial of benefits was both arbitrary and capricious. Plaintiff has exhausted his administrative remedies, and this matter is properly before the Court.

## II. LEGAL STANDARD

### A. Venue: 28 U.S.C.A. § 1404(a) and 28 U.S.C.A. § 1391(b)

In relevant part, 28 § U.S.C.A. 1391(b) states,

**(b)** A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

In relevant part, 28 U.S.C.A. § 1404(a) states,

2

"for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district where it may have been brought."

The Court has broad discretion in deciding whether transfer is warranted and must consider both the public and private interests of the parties. *See Plum Tree, Inc. v. Stockment*, 488 F.2d 754, 756 (3d Cir.1973). The Third Circuit has stated that in any transfer request the plaintiff's choice of forum is a "paramount consideration," and its choice should not be lightly disturbed. *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir.1970), cert. denied, 401 U.S. 910, 91 S.Ct. 871, 27 L.Ed.2d 808 (1971). When a plaintiff chooses his home forum, traditionally the choice has been "entitled to greater deference," *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255, 102 S.Ct. 252, 265, 70 L.Ed.2d 419 (1981), at least when it coincides with a district in which a substantial part of the events or omissions giving rise to the claim occurred. The presumption favoring a plaintiff's choice of forum is not dispositive of the motion, however. *See Tischio v. Bontex, Inc.*, 16 F.Supp.2d 511, 521 (D.N.J.1998). Plaintiffs' choice of forum is given less weight when transferring venue would result in only negligible inconvenience to the plaintiff. *See Oudes v. Block*, 516 F.Supp. 13, 14 (D.D.C.1981). Additionally, a plaintiff's choice is afforded less deference when their choice of forum "has little connection with the operative facts of the lawsuit." *Tischio*, 16 F.Supp.2d at 521; see also *Am. Tel. & Tel. Co. v. MCI Commc'ns Corp.*, 736 F.Supp. 1294, 1306 (D.N.J.1990). Moreover, "[w]hen the central facts of a lawsuit occur outside the forum state, a plaintiff's selection of that forum is entitled to less deference." *Ricoh Co., Ltd. v. Honeywell Inc.*, 817 F.Supp. 473, 481 (D.N.J.1993). See also *National Micrographics Systems v. Canon U.S.A.*, 825 F.Supp. 671, 681 (D.N.J.1993).

"The burden of showing the need for transfer rests with the movants." See *Jumara v.*

3

*State Farm Ins. Co.,* 55 F.3d 873, 879 (3d Cir.1995). Also, "although the district court has wide discretion in transferring a case, transfers should not be liberally granted." *Superior Precast v. Safeco Ins. Co. of Am.,* 71 F.Supp.2d 438, 445 (E.D.Pa.1999).

In construing the statutory language of 28 U.S.C.A. § 1404(a), the Third Circuit has pointed out that "commentators have called on the courts to consider all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." *Jumara v. State Farm Ins. Co.*, 55 F. 3d 873, 879 (3d Cir., 1995). As enumerated by the *Jumara* Court,

> There are a number of relevant private and public factors a court should consider In deciding a motion to transfer. The private factors include: (1) plaintiff's choice of forum; (2) defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial conditions; (5) the convenience of witnesses, only to the extent that they may be unavailable for trial in one of the fora; and (6) the location of books and records, again only to the extent that they could not be produced in one of the fora. The public interests include: (1) enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) relative administrative difficulties in the two fora resulting from court congestion; (4) local interests in deciding local controversies at home; (5) public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases. (Id. at 879-880). (See also *In re Amendt* 169 Fed.Appx. 93, 96, 2006 WL 358731, 2 (C.A.3 (Pa. (C.A.3 (Pa.),2006)).

B. 29 U.S.C.A. § 1132

In relevant part, § 1132, the venue provision of the Employee Retirement Income Security Act ("ERISA"), states,

> (2) Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found.

### III. DISCUSSION

This is a case in which the Court could, but should not, exercise jurisdiction. The Court will analyze all of the public and private factors, as enumerated in our Circuit, but at the outset the Court must point out that the only person involved in this litigation who seems to have any connection to, or interest in, New Jersey is Plaintiff's attorney. The Court is not persuaded that his convenience is a factor to be considered, or that it would impose an undue hardship on Plaintiff to find alternative representation in his home state.

The first factor to consider, of course, is Plaintiff's choice of forum. As the Court previously detailed, this is an important, but by no means dispositive consideration. In this case it is balanced by the second factor, Defendant's choice of forum. The third factor, whether the central facts of the case arose elsewhere, shifts the balance to Defendants, since it is undisputed that Plaintiff lived and was employed in Texas by a Texas Corporation, and took out the long term disability policy at issue in this case in Texas. Additionally, the plan was administered in Texas. While Plaintiff is correct that the Court has personal jurisdiction over Defendant, that is not a sufficient basis on which to find that venue is proper in this district. In fact, the Court finds

this factor to be dispositive.

Plaintiff argues that because this case will most likely be decided on cross-motions for summary judgment, and no personal appearances by witnesses, or even by Plaintiff, will be required, the fourth, fifth and sixth factors do not mitigate in favor of Defendant. The Court disagrees. It is premature at this stage of the litigation to predict the ultimate resolution. It is conceivable that a trial might be to Plaintiff's benefit. For Plaintiff's attorney to aver at this preliminary stage that this case will not be heard in New Jersey is unfair, and contrary to the best interests of Plaintiff, for whom no litigation strategy has yet been etched in stone. Plaintiff has not convinced the Court that the fourth factor, the convenience of the parties as indicated by their relative physical and financial conditions, favors Plaintiff. Although Defendant presumably has more resources, Plaintiff has averred in his complaint that he "ceased working due to medical conditions including but not limited to Fibromyalgia and Chronic Fatigue Syndrome," and that "Plaintiff has not returned to work since August 15, 2003." (Complaint, ¶ 8, 9; ECF Doc. 1, p. 3). While the Court hesitates to conclude that travel would be difficult, both physically and financially, for Plaintiff, logic dictates that the fourth factor favors Defendant. The fifth factor, as Plaintiff points out, will probably be inapposite in a case based on ERISA, but it certainly does not favor Plaintiff. The same holds true for the location of books and records, since they may be easily reproduced and transmitted to any district in which the case is heard.

In examining the public factors, the Court finds most of them to be only tangentially relevant to the instant case. The Court presumes, for example, that Defendant, a large and respected corporation, would not resist its obligation to pay any judgment that might be levied, regardless of the forum in which that judgment was entered. While the next factor, practical

considerations that could make the trial easy, expeditious, or inexpensive, slightly favors Defendant, this is hardly a dispositive reason to disturb Plaintiff's choice. The Court hesitates to opine on the third factor, the relative administrative difficulties in the two fora resulting from court congestion, without evidence as to the congestion in the Southern District of Texas. Suffice it to say, that all Federal Courts are under the same strains and burdens, and share the same obligation to be fair to litigants, and the Court once again finds that this factor favors neither party. The fourth, fifth and sixth factors are similarly unhelpful in helping the Court to balance the necessary equities.

Plaintiff maintains that venue is appropriate under ERISA because Defendant can be found there, but that ignores the other two considerations under ERISA's express venue provision, both of which the Court finds highly relevant. Both of those factors strongly favor Defendant, since both the administration of the plan and the breach of the contract occurred in Texas, and Defendant may be found there. Under ERISA, venue in Texas is both proper and logical. The Court is persuaded that in this case, where Plaintiff lives in Texas, where the facts central to the case occurred in Texas, and where the only explanation offered by Plaintiff as to the convenience of New Jersey as a fora is the location of his attorney, the Court must exercise judicial common sense and transfer the case to the Southern District of Texas, the only plausible venue in which it ought be heard.

## IV.   <u>CONCLUSION</u>

For the foregoing reasons, the Defendant's motion to transfer venue of this case to the Southern District of Texas is **granted**. An appropriate order follows this opinion.

_____
Dennis M. Cavanaugh, U.S.D.J.

Date:    May 23, 2011

cc:    Counsel of Record
      Hon. Joseph A. Dickson, U.S.M.J
      File